**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 10-cv-01640-REB

YSUO TANH,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

## ORDER GRANTING PLAINTIFF'S APPLICATION FOR
## FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

**Blackburn, J.**

The matter before me is **Plaintiff's Application for Fees Under the Equal Access to Justice Act** [#28][1] filed July 22, 2011. I grant the motion.

After plaintiff appealed the ALJ's unfavorable decision below, the Commissioner filed a motion to remand the case to the agency pursuant to sentence four of 42 U.S.C. § 405(g). (*See* **Defendant's Unopposed Motion To Remand For Further Administrative Proceedings** [#25], filed June 22, 2011.) I granted that motion and remanded the case. (*See* **Order** [#26], filed June 23, 2011.)

Plaintiff now seeks attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), which provides, in relevant part:

> a court shall award to a prevailing party other than the
> United States fees and other expenses . . . incurred by that

---

[1] "[#28]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

> party in any civil action. . ., including proceedings for judicial
> review of agency action, brought by or against the United
> States in any court having jurisdiction of that action, unless
> the court finds that the position of the United States was
> substantially justified or that special circumstances make an
> award unjust.

28 U.S.C. § 2412(d)(1)(A).[2] The Commissioner apparently concedes that plaintiff is the prevailing party for purposes of the EAJA, *see **Shalala v. Schaefer***, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993), and that he otherwise is entitled to an award of fees. Accordingly, plaintiff is entitled to an award of attorney fees.

Plaintiff requests attorney fees in the amount of $7,092.00. The Commissioner suggests that the hourly rate requested by plaintiff's counsel is excessive and that the number of hours compensated be reduced as well. I am not persuaded. I have reviewed counsel's billing records and do not find any of the hours requested to be unnecessary or excessive in light of her limited experience in prosecuting social security appeals. Nor do I believe that plaintiff's requested hourly rate is either arbitrary or unreasonable Moreover, my own experience suggests that the total amount of fees requested are comparable to awards made under the EAJA in similar cases. Plaintiff therefore is entitled to the entirety of his requested fees.

---

[2] As interpreted by the Supreme Court, "substantially justified" means "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." ***Pierce v. Underwood***, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). Stated differently, the test is whether there is a "reasonable basis in both law and fact" for the Commissioner's position. ***Id.***, 108 S.Ct. at 2550; ***Gilbert v. Shalala***, 45 F.3d 1391, 1394 (10th Cir.), ***cert. denied***, 116 S.Ct. 49 (1995). Although the term "'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness," ***Pierce***, 108 S.Ct. at 2550, "a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact," ***id***. at 2550 n.2. For this reason, a finding that the Commissioner's position was not supported by substantial evidence does not necessarily lead to a finding that the Commissioner's position was not substantially justified. ***Hadden v. Bowen***, 851 F.2d 1266, 1268-69 (10th Cir. 1988). The Commissioner bears the burden of demonstrating that its position was substantially justified. ***Gilbert***, 45 F.3d at 1394.

Finally, although it is not clear from the motion whether plaintiff has assigned his right to fees to his attorney, such an assignment would be ineffective in any event. The Tenth Circuit has held that the plain language, structure, and history of the EAJA preclude an award of fees to anyone other than the prevailing party herself. **Manning v. Astrue**, 510 F.3d 1246, 1249-55 (10th Cir. 2007), **cert. denied**, 129 S.Ct. 486 (2008). This precedent is binding on this court, and, thus, regardless what arrangements may have been made between plaintiff and his attorney, I must provide that the award of fees be paid directly to plaintiff.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff's Application for Fees Under the Equal Access to Justice Act** [#28], filed July 22, 2011, is **GRANTED**;

2. That plaintiff is **AWARDED** $7,092.00 in attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A); and

3. That the award of attorney fees **SHALL BE PAID** to plaintiff directly.

Dated August 29, 2011, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge